**UNITED STATES BANKRUPTCY COURT**
**NOORTHERN DISTRICT OF MISSISSIPPI**

IN THE MATTER OF:

| | |
|---|---|
| **JASON FLY LOGGING, LLC** | NO.: 18-10483 -JDW |
| Debtor-in-Possession. | CHAPTER 11 |

.

**MOTION BY JASON FLY LOGGING, LLC TO ENTER INTO CREDIT LINE WITH DRAGON WOODLAND CORPORATION FOR OPERATING CAPITAL PURSUANT TO 11 U.S.C. SECTION 364**
**EXPEDITED HEARING REQUESTED**

Comes now Jason Fly Logging, LLC ("Debtor") through counsel and its' officers requesting to enter into a line of credit for operating capital with Dragon Woodland Corporation pursuant to 11 U.S.C. Section 364 (c) and (d) on an expedited basis and would assert as follows:

1. The Debtor filed a petition for relief under Chapter 11 under the US Bankruptcy Code on February 12, 2018 and order of relief was granted on same day. The Debtor is now operating its business as debtor-in-possession pursuant to 11 U.S.C. Sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334.  This is a core proceeding pursuant to U.S.C. Section 157(b)(2)(A) and (D).

3. Debtor is a Mississippi limited liability corporation currently operating a logging business which is dependent on weather for operation of the business and continued revenue for operations.  The weather has been rainy, snowy and muddy in past months which has inhibited the operation of the business. The Debtor without being able to cut timber and sell same is in need of interim financing or cash infusion.

4. The Debtor is unable to obtain unsecured credit for operation of the business and the Debtor's need for interim financing is compelling. The line of credit will

        ensure that the Debtor is able to pay the ongoing expenses that arise in the ordinary course of business and to ensure the continuous operation of the business during the pendency of the Chapter 11 case

5. The Debtor and its creditors, as well as the customers, face immediate and irreparable harm if the Court does not approve the interim financing. If the Court does not approve the line of credit the Debtor will be unable to pay the contractors, current utilities, supplies, fuel and the numerous day-to-day expenses incurred in its daily operations of the logging business and be forced to shut down. Even a temporary cessation of operations would be devastating to the Debtor's prospect of maximizing the return to creditors. In short a shutdown of business would all but rule out any chance to reorganize the Debtor's business and avoid a wasteful liquidation of the Debtor's assets.

6. Dragon Woodland Corporation has offered interim financing through a secured line of credit to the Debtor of $150,000.00 with monthly payment of interest only of 6% to fund expenses as follows but not limited to fuel, maintenance of vehicles, payment of independent contractors, U.S Trustee fees, approved legal fees and overhead as necessary for operation of Debtor or as ordered by the Court. Dragon Woodland Corporation is an independent third party to this case. By separate motion Debtor will file motion to employ Dragon Woodland Corporation as manager of the business operation.

7. The terms of the credit agreement are as follows:
See attached Note, Security Agreement and UCC-1 for further information but Note of $150,000.00 with blanket security interest on assets of Debtor, will be due and payable on June 1, 2018 with 6% interest and monthly interest payment beginning March 2, 2018.

8. The Debtor has pre petition account receivables and will be creating post petition account receivables from continued operation through the issuance of the line of credit by Dragon Woodland Corporation. The account receivables are free and clear of any lien or security interest and will be given by Debtor as collateral to secure the line of credit if approved by the Court.

9. The lien of Dragon Woodland Corporation will be a senior lien on all account receivables and have priority over any or all administrative expenses except as carved out above for the U.S. Trustee fees and approved legal fees.

10. Due to the fact that the interim financing is necessary to prohibit irreparable harm to the Debtor the Debtor requests, pursuant to Federal Bankruptcy Rule of Procedure 4001(c) and Section 364 of the U.S. Bankruptcy Code, that the Court

enter an interim order granting authority for the interim financing. The Debtor also requests that the Court schedule a final hearing on this Motion within fourteen (14) days after service of the motion.

11. Due to the Debtor's immediate need for interim financing in order to avoid immediate and irreparable harm to the Debtor and its estate, the Debtor has provided a copy of this Motion, together with all exhibits, via facsimile or email to all creditors on the list filed under Rule 1007(d), the United States Trustee, the 20 largest unsecured creditors and the U.S. Attorney's Office. The Debtor submits that under the circumstances no further notice of the hearing on the Interim Order is necessary, and requests that any further notice be dispensed with and waived.

12. Pursuant to Bankruptcy Rule 4001, the Debtor respectfully requests that it be authorized to provide notice of the final hearing on this Motion, by serving a copy of the Motion, with exhibits, and Order and Notice of Hearing by U.S. first class mail, postage prepaid or email, to the United States Trustee, the 20 largest unsecured creditors and the U.S. Attorney's Office, all parties that have requested notice in these cases, and any and all other parties as directed by the Court.

WHEREFORE, the Debtor respectfully requests entry of an order granting the relief requested and further relief as is just and proper.

Respectfully submitted,

/s/ Toni Campbell Parker

**TONI CAMPBELL PARKER ( TN #6984)**
ATTORNEY FOR DEBTOR
615 OAKLEAF OFFICE LANE, SUITE 201
MEMPHIS, TENNESSEE  38117
(901) 683-0099
FAX:  (866) 489-7938
Tparker001@bellsouth.net

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was sent to the entities or individuals listed below via facsimile, email or first class U.S. mail, postage prepaid this the 14th day of February, 2018:

Jason Fly Logging, LLC
Debtor-in-Possession
 115  Jeff  Sanders Rd.
Batesville MS 38606

U.S. Trustee
501 East Court St., Ste. 6-430
Jackson, MS 39201
Margaret.Middleton@usdoj.gov

Randall Fishman
Attorney for Dragon Woodland Corporation
Ballin, Ballin & Fishman PC
200 Jefferson Ave., Ste. 1250
Memphis, TN 38103
rfishman@bbfpc.com

List of Creditors Attached hereto


                        /s/ Toni Campbell Parker
                        Toni Campbell Parker