# THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF MISSISSIPPI
### (Aberdeen)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JASON FLY LOGGING, LLC, | ) | Case No. 18-10483-JDW |
| | ) | Judge Jason W. Woodard |
| *Debtor.* | ) | Chapter 11 |
| | ) | |

## JOINT MOTION TO APPROVE SALE OF 2017 MACK CHU613 FREE AND CLEAR OF LIENS

The above-captioned debtor (the "Debtor") and Mack Financial Services a division of VFS US LLC ("Mack Financial" and together with the Debtor, the "Movants"), pursuant to 11 U.S.C. §363(b) and (f), and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure, hereby move the United States Bankruptcy Court for the Northern District of Mississippi (this "Bankruptcy Court") for an order approving the sale of a 2017 Mack CHU613 bearing VIN Number 1M1AN07Y3HM025786 (collectively with any additions and accessions thereto, the "Equipment") to Dragon Woodland Corporation (the "Purchaser"), free and clear of all liens, claims, interests and encumbrances (the "Sale"). In support of this Motion, Movants state as follows:

### JURISDICTION AND VENUE

1. The Debtor commenced this case by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on February 12, 2018 (the "Petition Date").

2. The Debtor continues to manage its business as Debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no trustee or examiner

1

has been requested in these chapter 11 cases.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

4. Purchaser has agreed to buy the Equipment for a purchase price of $80,000 (the "Purchase Price") as a result of arms-length and good-faith negotiations.

5. The Debtor believes that the Purchase Price is equal to the fair market value, and the Debtor submits that no further marketing is necessary.

6. Mack Financial holds a duly-perfected security interest in the Equipment. Mack Financial's lien on the Equipment secures payment of a Credit Sales Contract (Security Agreement) in the original principal amount of $137,844.01 between the Debtor and Mack Financial (the "Contract"). The amount owed to Mack Financial under the Contract exceeds the Purchase Price.

7. Pursuant to this Sale Motion, Debtor seeks the approval of the Court to sell the Equipment to the Purchaser for $80,000, as a legal, valid, and effective transfer of the Equipment which will vest the Purchaser with all right, title, and interest in the Equipment free and clear of any liens and claims of any and every kind or nature whatsoever pursuant to 11 U.S.C. §363(f) and all other applicable laws.

8. The Debtor believes the sale of the Equipment is in the best interest of the estate and creditors.

## BASIS FOR RELIEF

**A. Section 363(b) Authorizes the Proposed Sale.**

8. Section 363(b) of the Bankruptcy Code provides that "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the

estate." Section 1107(a) of the Bankruptcy Code grants a debtor-in-possession the powers of a trustee in respect to various matters including sales under section 363(b) of the Bankruptcy Code.

9. Although section 363 of the Bankruptcy Code does not specify a standard for determining when it is appropriate for a court to authorize the use, sale or lease of property of the estate, courts have found that a debtor's sale or use of assets outside the ordinary course of business should be approved if the debtor can demonstrate a sound business justification for the proposed transaction. *See*, *e.g.*, *In re Eagle Picher Holdings, Inc.*, 2005 WL 4030132 (Bankr. S.D. Ohio 2005); *In re Martin*, 91 F.3d 389, 395 (3rd Cir. 1996); *In re Abbotts Dairies of Penn., Inc.*, 788 F.2d 143 (3d Cir. 1986); *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983).

10. The key consideration is the Court's finding that a good business reason exists for the sale. *Stephens Industries, Inc. v. McClung*, 789 F.2d 386 (6th Cir. 1986); *see also*, *Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996); *Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp., (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (Bankr. D. Del. 1999).

> Whether the proffered business justification is sufficient depends on the case. As the Second Circuit held in Lionel, the bankruptcy judge should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike. He might, for example, look to such relevant factors as the proportionate value of the assets of the estate as a whole, the amount of elapsed time since the filing, the likelihood that a plan of reorganization will be proposed and confirmed in the near future, the effect of the proposed disposition on future plans of reorganization, the proceeds to be obtained from the disposition vis-a-vis any appraisals of the property, which of the alternatives of use, sale or lease the proposal envisions and, most importantly perhaps, whether the asset is increasing or decreasing in value. This list is

        not intended to be exclusive, but merely to provide guidance to the bankruptcy judge.

*In re Walter*, 83 B.R. 14, 19-20 (9th Cir. Bankr. 1988), citing *In re Lionel Corporation*, 722 F.2d 1063, 1070-71 (2nd Cir. 1983).

        11.    Once the Debtor articulates a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'" *In re S.N.A. Nut Co.*, 186 B.R. 98 (Bankr. N.D. Ill. 1995); *see also In re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992); *In re Johns-Manville Corp.*, 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) ("a presumption of reasonableness attaches to a debtor's management decisions").

        12.    The Debtor, in its business judgment, believes that the sale of the Equipment is in the best interests of the Debtor and its creditors.

    **B.  Sound Business Reasons Support a Private Sale.**

        13.    Bankruptcy Rule 6004(f)(1) permits private sales by a debtor. Fed. R. Bankr. P. 6004(f)(1) ("All sales not in the ordinary course of business may be by private sale or by public auction."). Courts have also noted that private sales are appropriate and permissible under Section 363. *See In re Bakalis*, 220 B.R. 525, 531 (Bankr. E.D.N.Y. 1998) ("the sale of estate property under the Bankruptcy Code is conducted by a trustee, who has ample discretion to conduct public or private sales of estate property"); *Penn Mut. Life Ins. Co. v. Woodscape Ltd. P'ship (In re Woodscape Ltd. P'ship)*, 134 B.R. 165, 174 (Bankr. D. Md. 1991) (noting that, with respect to sales of estate property pursuant to Section 363 of the Bankruptcy Code, "[t]here is no prohibition against a private sale . . . and there is no requirement that the sale be by public auction").

14. Courts often allow a chapter 11 debtor to sell assets outside the ordinary course of business by private sale when the debtor demonstrates that the sale is permissible pursuant to section 363(b) of the Bankruptcy Code. *See, e.g., In re Astroturf, LLC*, Case No. 16-41504 (Bankr. N.D .Ga. Aug. 12, 2016) (Bonapfel, J.); *In re Catalyst Natural Gas, LLC*, Case No. 08-79390, (Bankr. N.D. Ga. Dec. 19, 2008) (Bihary, J.).

15. Here, the Debtor has no equity in the Equipment and was planning to sell the Equipment in connection with its Plan of Liquidation (Doc 169). Moreover, the Equipment is of the type that decreases in value with use over time. Through the proposed sale, the Debtor seeks to avoid incurring continued insurance and maintenance expenses in connection with the Equipment.

16. The proposed sale provides a greater recovery for the estate than could realistically be achieved by any other practically available alternative. Due to the current stage of the bankruptcy case, the Debtor believes a public sale process that includes an auction feature has little or no chance of yielding a better outcome than that afforded by the current sale proposed. A public sale process would merely cause the Debtor's estate to incur additional administrative expenses without significant corresponding or offsetting benefit to the estate.

17. The Debtor's decision to sell the Equipment to the Purchaser in a private sale transaction is a valid and sound exercise of the Debtor's business judgment. The Debtor has considered all options under the circumstances and has determined that a private sale to the Purchaser will result in the greatest recovery. For all of the foregoing reasons, the relief requested in this Motion is a product of sound business judgment and is in the best interests of the Debtor, its creditors, and estate and should be granted.

### C. Section 363(f) Authorizes the Sale Free and Clear of Liens and Other Claims.

27. Section 363(f)(2) of the Bankruptcy Code provides that a sale may be free and clear of any interest in such property of an entity other than the estate if such entity consents.

28. One or more of the conditions set forth in §363(f) will be satisfied with respect to the sale of the Equipment. Specifically, the Debtor's secured lender, Mack Financial, which holds a duly perfected security interest in the Equipment will consent, or will be adequately protected by attachment to the sale proceeds, notwithstanding its continuing right to assert a claim for any deficiency balance or any secured claim. Applicable non-bankruptcy law permits sale of the Equipment free and clear of any interests therein that are subordinate to Mack Financial's security interest.

### D. Waiver of 14-Day Stay on Closing is Warranted.

29. Bankruptcy Rules 6004(h) and 6006(d) respectively provide that an order authorizing the use, sale, or lease of property and an order authorizing the assumption and assignment of executory contracts or unexpired leases will be stayed for fourteen days after entry of such approval orders unless the court orders otherwise. Because of the need to close the transactions contemplated herein as promptly as possible, the Debtor requests that the Court order and direct that the order approving this Motion shall not be automatically stayed for fourteen days.

**WHEREFORE**, the Debtor respectfully requests this Bankruptcy Court to enter an order: authorizing the Debtor to sell the Equipment other than in the ordinary course, free and clear of liens, interests and other claims to Purchaser and granting such other and further relief as this Court deems just and appropriate under the circumstances.

Dated: September 14, 2018

/s/ *Erno Lindner*                          /s/ *Toni Campbell Parker (with permission)*
Erno Lindner (MS Bar No. 104073)        Toni Campbell Parker (MS Bar No. 4018)
Baker, Donelson, Bearman, Caldwell      Law Office of Toni Campbell Parker
& Berkowitz, P.C.                              615 Oakleaf Office Lane
633 Chestnut Street, Suite 1900           Suite 201
Chattanooga, Tennessee 37450            Memphis, Tennessee 38117
Phone No. (423) 209-42060                Phone No. (901) 683-0099
Fax No. (423) 752-9633                     Fax No. (866) 489-7938
E-Mail: elindner@bakerdonselson.com   E-Mail: Tparker001@bellsouth.net

Attorney for Mack Financial                 Attorney for Jason Fly Logging, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of September, 2018, a copy of the foregoing electronically filed pleading was served on the parties listed below, the office of the U.S. Trustee, and the parties listed on the attached creditor mailing matrix by first-class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

| | |
|---|---|
| Toni Campbell Parker<br>P.O. Box 240666<br>615 Oakleaf Office Lane<br>Memphis, TN 38124-0666 | Sammye S. Tharp<br>U. S. Trustee<br>501 East Court Street, Suite 6-430<br>Jackson, MS 39201 |
| Amur Equipment Finance, Inc<br>308 N Locust St<br>Attn: Legal Dept<br>Grand Island, NE 68801 | Thomas M. Hewitt<br>Butler Snow LLP<br>Post Office Box 6010<br>Ridgeland, MS 39158 |
| Henry J. Applewhite<br>P. O. Box 724<br>Aberdeen, MS 39730 | Olivia Spencer<br>King & Spencer PLLC<br>P.O. Box 123<br>Jackson, MS 39205-0123 |
| IRS<br>Attn: Special Processing Staff<br>100 West Capitol St. Room 504<br>Jackson, MS 39269 | Les Alvis<br>207 Court Street<br>P.O. Box 1836<br>Tupelo, MS 38802-1836 |
| Bruce M. Kahn<br>Amy Elizabeth Strickland<br>Apperson Crump PLC<br>6070 Poplar Avenue<br>Suite 600<br>Memphis, TN  38119 | MS Tax Commission<br>P.O. Box 22808<br>Jackson, MS 39225 |
| D. Andrew Phillips<br>P.O. Box 947<br>Oxford, MS 38655 | Rosamond H. Posey<br>P.O. Box 947<br>Oxford, MS 38655-0947 |
| Jason Fly Logging, LLC<br>1155 Jeff Sanders Rd.<br>Batesville, MS 38606-9214 | Joseph C. Gibbs<br>111 Court Street<br>P.O. Box 1117<br>Clarksdale, MS 38614 |

| | |
|---|---|
| Robert Alan Byrd<br>145 Main Street<br>P. O. Box 1939<br>Biloxi, MS 39533 | John M. Lassiter<br>401 East Capitol Street.<br>Suite 100<br>Jackson, MS 39201 |
| Joseph Black<br>306 Railroad Street<br>Water Valley, MS 38965 | D. Sterling Kidd<br>Baker Donelson Bearman Caldwell &<br>Berkowitz, PC<br>Post Office Box 14167<br>Jackson, MS 39236 |
| Andrew R. Wilson<br>Bennett Lotterhos Sulser & Wilson, P.A.<br>P.O. Box 98<br>Jackson, MS 39205-0098 | Randall J. Fishman<br>Ballin, Ballin & Fishman, P.C.<br>200 Jefferson Avenue<br>Suite 1250<br>Memphis, TN 38103 |
| Stacey Moore Buchanan<br>Simpson Law Firm, P.A.<br>Post Office 1410<br>Ridgeland, MS 39158-1410 | John Seymour<br>P.O. Box 349<br>Fremont, NE 68026 |
| Jacob C Zweig<br>Evans Petree PC<br>1715 Aaron Brenner Drive<br>Suite 800<br>Memphis, TN 38120 | Taylor and Martin Inc<br>P.O. Box 349<br>Fremont, NE 68026 |
| David Winston Houston, IV<br>Burr & Forman LLP<br>222 Second Ave South<br>Suite 2000<br>Nashville, TN 37201 | |

                                                    /s/ *Erno Lindner*